UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL CORRIN STRONG,

                                                              Plaintiff,

                    v.

HOWARD ZUCKER, MD,
in his Official Capacity as Commissioner of the New York
State Department of Health,

                                                            Defendant.
_____

                                                                                DECISION AND ORDER

                                                                                 21-CV-6532L

Plaintiff Michael Corrin Strong, appearing *pro se*, commenced this action on August 10, 2021. He filed an amended complaint on October 14, 2021.

In the original complaint, plaintiff sued the Commissioner of the New York State Department of Health ("DOH"), challenging a regulation issued by DOH in response to the COVID-19 pandemic, 10 N.Y.C.R.R. 66-3. That regulation generally concerned the wearing of face masks in public. Plaintiff also challenged New York State's ("State") creation and promotion of the "Excelsior Pass," a means for individuals to maintain an electronic record and show proof of their vaccination histories. Plaintiff asserted that those measures violated the equal protection rights of unvaccinated individuals, particular those with "natural immunity" as a result of their having previously contracted and recovered from COVID. He also alleged that defendants' actions violate the Nuremberg Code, a set of medical principles for ethical human experimentation laid out in an opinion issued by one of the military tribunals at the Nuremberg Trials of Nazi doctors convicted of war crimes and crimes against humanity for conducting

medical experiments on persons against their will.  *See Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 177-78 (2d Cir. 2009).

On August 27, 2021, DOH repealed the challenged face-mask regulation.  Plaintiff then filed an amended complaint (Dkt. #7), which he states "completely replaces the original complaint," *id.* ¶ 9.  In the amended complaint, plaintiff states that he "agrees to drop his objection" to the now-repealed "mask mandate," but he reasserts his claims concerning the Excelsior Pass.  Plaintiff requests declaratory and injunctive relief requiring the State to end the Excelsior Pass program, and to recognize "natural immunity" as being at least as efficacious as vaccination in preventing the spread of COVID-19.  Plaintiff also seeks to enjoin the State from enacting or enforcing any regulations or programs that draw a distinction, or that permit the Health Commissioner to draw a distinction, between vaccinated and unvaccinated persons.

On December 13, 2021, the Court granted defendants' request for an extension of time to answer or otherwise respond to the complaint (to which plaintiff had consented), and directed defendants to answer or otherwise move against the complaint on or before January 12, 2022.  (Dkt. #11.)  On December 15, however, plaintiff filed a motion for a temporary restraining order ("TRO") and preliminary injunction (Dkt. #11) ("injunction motion").  In that motion, plaintiff challenges what he describes as "sweeping new regulations" issued by the State on December 10, 2021.

That appears to be a reference to the Health Commissioner's determination letter issued on that date, which states in part that "all persons, over age two and able to medically tolerate a face covering/mask, regardless of vaccination status, shall wear an appropriate face covering/mask while in any indoor public place," and that "[t]his requirement shall not apply to

any indoor public area that requires proof of vaccination as a condition of entry." *See* Health Commissioner's December 10, 2021 Determination on Indoor Masking Pursuant to 10 NYCRR 2.60 (Def. Ex. I). On January 13, 2022, the Commissioner issued another determination letter (available at https://coronavirus.health.ny.gov), extending those restrictions until February 1, 2022. It is not clear at this point whether the requirements will then be lifted, modified or extended again.

On January 5, 2022, this Court issued an Order (Dkt. #22) granting in part defendants' request for an extension to respond both to plaintiff's injunction motion and the amended complaint. The Court directed defendants to respond to the injunction motion by January 17, 2022, and to answer or move against the amended complaint no later than February 14, 2022.

Defendants filed their response to the injunction motion on January 18, 2022. This Decision and Order constitutes the Court's decision with respect to the injunction motion.

## DISCUSSION

### I. Recent State Court Developments

On January 24, 2022, Justice Thomas Rademaker of the New York State Supreme Court, Nassau County, issued a decision and order ruling that "10 NYCRR §§ 2.60; 2.60(a) is a law that was promulgated and entered unlawfully by an Executive branch state agency, and therefore

void and unenforceable as a matter of law." *Demetriou v. N.Y.S. Dep't of Health*, No. 616124/2021.[1]

Section 2.60(a), which the state court described as a "rule," gives the Health Commissioner the authority to issue findings and directives concerning when and under what circumstances persons may be required to wear face coverings in certain settings. The rule also provides that those requirements "may distinguish between individuals who are vaccinated against COVID-19 and those that are not vaccinated." The Commissioner's December 10 Determination Letter cited § 2.60 as authority for her determination on indoor masking.

Justice Rademaker's order goes on to enjoin the Governor and the Commissioner of Health from enforcing §§ 2.60 and 2.60(a), and from enforcing the Commissioner's December 10 directive. The state filed an appeal from Justice Rademaker's decision the same day it was issued. On January 25, 2022, Justice Robert J. Miller of the Appellate Division, Second Department, issued an order staying the Supreme Court's decision and order, pending a show-cause hearing on January 28.[2]

Regardless of the outcome of the appeal, obviously the last word has not been written on this matter in the New York state courts; proceedings will continue for at least the near future. In addition, plaintiff in the case at bar has presented claims (such as his challenge to the Excelsior Pass) that are apparently not at issue in the *Demetriou* case. I do not believe, then, that the *Demetriou* decision or appeal either renders this case moot or presents any other obstacle to this Court proceeding with the instant case. If further developments in *Demetriou* or elsewhere

---

[1] The decision was widely reported in the news, but has apparently not been published. A copy is available at https://content.news12.com>courtpapers, and on several other websites.

[2] A copy of Justice Miller's order is available at https://bit.ly/3u3IQXX.

could have a material effect on the present litigation, it is incumbent on the parties to inform this Court of that fact.

## II. Standard for Granting Preliminary Injunctive Relief

Plaintiff's motion is styled as one for both a temporary restraining order and a preliminary injunction. Although there are some differences between the two, *see generally* Fed. R. Civ. P. 65, the standards for granting either form of relief are generally the same. *See Local 1814, Int'l Longshoremen's Ass'n AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *1077 Madison St., LLC v. March*, No. 14-CV-4253, 2017 WL 6387616, at *2 (E.D.N.Y. Aug. 22, 2017), *aff'd sub nom. 1077 Madison St., LLC v. Daniels*, 954 F.3d 460 (2d Cir. 2020). Since plaintiff seeks injunctive relief, and the motion has been made on notice to the opposing party, the Court will treat the motion as a motion for a preliminary injunction.

"To obtain a preliminary injunction the moving party must show, first, irreparable injury, and, second, either (a) likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships decidedly tipped in the movant's favor." *Green Party of New York State v. New York State Bd. of Elections*, 389 F.3d 411, 418 (2d Cir. 2004). The "'serious questions' prong is also frequently termed the 'fair ground for litigation' standard." *N.A.A.C.P., Inc. v. Town of East Haven*, 70 F.3d 219, 223 (2d Cir. 1995). Where the challenged action or the proposed relief implicates the public interest, that aspect may also be considered. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012). Whether to grant a preliminary

injunction is committed to the discretion of the district court. *Christian Louboutin S.A. v. Yves Saint Laurent America Holdings, Inc.*, 696 F.3d 206, 215 (2d Cir. 2012).

The Court of Appeals for the Second Circuit has stated that "[t]he showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction, and the moving party must show that injury is likely before the other requirements for an injunction will be considered." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (internal citations and quotations omitted). "To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation. And, irreparable harm must be shown to be actual and imminent, not remote or speculative." *Id.* "Where a plaintiff does not establish irreparable harm, the court need not address the other factors necessary for the issuance of injunctive relief." *Mrs. U.S. Nat'l Pageant, Inc. v. Williams*, 353 F.Supp.3d 213, 217-28 (W.D.N.Y. 2019) (internal quotation marks omitted). *See also Walters v. T & D Towing Corp.*, No. 17-CV-681, 2017 WL 1184169, at *4 (E.D.N.Y. Mar. 29, 2017) ("Because [p]laintiff has not demonstrated that she will suffer irreparable harm absent injunctive relief, the [c]ourt need not consider whether there is a likelihood of success on the merits of her claims").

**III. Application to this Case**

    **A. Irreparable Harm**

Regardless of the merits of plaintiff's claim, his motion for preliminary injunctive relief fails for the simple reason that he has not demonstrated that he is likely to suffer irreparable harm in the absence of an injunction.

Beyond his broad allegation that the State's actions are harming "millions" of people, plaintiff has identified three specific harms that he claims to have suffered as a result of the challenged actions. First, plaintiff states that a fitness club of which is a member requires unvaccinated members to wear face masks when they go to the gym. Because plaintiff has chosen not to get vaccinated, he would have to wear a mask to enter the club, which he refuses to do.

Second, plaintiff states that for years, he has been a vendor at a farmers market in Fairport, New York, selling produce from his farm. The operators of the market require unvaccinated vendors to wear face masks, which again plaintiff finds objectionable.[3]

Third, plaintiff states that he wished to attend a certain concert in Rochester in October 2021, but to do so, he would have had to present either proof of vaccination or a recent negative COVID test. Plaintiff states that he "chose not to go to the trouble, expense and possible medical risk of a test or to support a venue that discriminates," so he opted instead to forego the concert entirely. Amended Complaint ¶ 106.

---

[3] Plaintiff does not state when the Fairport Farmers Market is next expected to be open, but presumably that is some months away.

Assuming *arguendo* that these even qualify as "harms," they are plainly harms of plaintiff's own making. By his own admission, he could go to the gym and sell at the farmers market, as long as he wears a mask. He chooses not to. Likewise, he chose not to go to the concert rather than submit to a COVID test or to pay for a ticket to an event at "a venue that discriminates."[4]

The only "harm" involved in any of these, then, is not that plaintiff is or was unable to go to certain places or do certain things, but that in order to do so, he would (assuming he remains unvaccinated) have to either wear a mask or take a COVID test. Those do not rise to the level of harm necessary to support preliminary injunctive relief. *See Hayes v. Oregon*, No. 20-cv-1332, 2022 WL 92915, at *2 (D.Or. Jan. 10, 2022) (concluding that plaintiff had not made a sufficient showing of irreparable harm where the only concrete incident he alleged was his exclusion from a farm store for refusing to wear a mask while indoors); *see also Sparrow Barns & Events, LLC v. Ruth Farm Inc.*, 4:19-CV-00067, 2019 WL 1560442, at *8 (E.D. Tex. Apr. 10, 2019) ("An irreparable injury is one that is more than *de minimis* and cannot be undone through monetary remedies") (citing *Paulsson Geophysical Servs.*, 529 F.3d 303, 312 (5th Cir. 2008)).

Both in the amended complaint and in his injunction motion, plaintiff asserts that due to some unspecified "medical condition," it is "impossible for him to tolerate a mask." (Dkt. #7 ¶ 104; Dkt. #11 ¶ 11.) He has not said what that alleged condition is, or why it renders him unable to wear a face mask. After defendants pointed this out in their response to his motion, plaintiff in his reply does not offer any specifics, but simply states in broad terms that there are

---

[4] In his reply papers in support of his injunction motion, plaintiff states that he has recently had his membership at a second gym terminated because of his unvaccinated status. (Dkt. #24) ¶ 16. That appears to be a matter of the gym's own policy, and plaintiff has not alleged or shown that the gym's decision was mandated by the State.

"many people" who cannot wear a mask due to "heart or lung conditions" or "psychological stress." (Dkt. #24 ¶ 17.) He offers no support for that assertion, much less shown why *he* cannot "tolerate" a mask. If anything, it appears that what he cannot tolerate is being *required* to wear a mask in certain places, and that his objections are more philosophical than physical in origin. Again, that circumstance falls far short of the harm required to justify injunctive relief.

### B. Likelihood of Success on the Merits

Plaintiff's failure to demonstrate that he will suffer irreparable harm if an injunction does not issue is itself fatal to his motion for injunctive relief. *See Mrs. U.S. Nat'l Pageant*, 353 F.Supp.3d at 217-18. Even if plaintiff could show irreparable injury, however, his motion would have to be denied, because he has not established the other prong of the test for injunctive relief, under either the "likelihood of success" or "serious questions/balance of hardships" analysis.

Among the many effects of the COVID pandemic has been a plethora of legal challenges to various governmental measures taken in response to the pandemic. In the roughly two years since the first mention of COVID-19 in a reported case, *see U.S. v. Henareh*, 486 F.Supp.3d 744 (S.D.N.Y. Jan. 13, 2020), many thousands of cases have dealt with COVID-related claims or issues.[5] While not all of those cases concern the legality or constitutionality of government actions, enough do that a consensus has emerged concerning certain major principles.

Reading through the case law, it quickly becomes apparent that (1) other litigants have raised arguments and claims very similar if not identical to those raised by plaintiff in this case

---

[5] A Westlaw search for "covid" yields 897 decisions in the month of December 2021 alone.

and (2) courts have uniformly rejected those arguments.  Contrary to plaintiff's assertions, for example, courts do not subject regulations such as those at issue here to strict scrutiny, but to rational basis review.  Specifically, courts typically apply the test enunciated by the Supreme Court in *Jacobson v. Massachusetts*, 197 U.S. 11, 31 (1905) (stating that actions aimed at protecting public health and welfare are only to be invalidated if they lack "real or substantial relation" to the desired protection), in light of the subsequent evolution of constitutional jurisprudence.  *See Andre-Rodney v. Hochul*, __ F.Supp.3d __, 2021 WL 5050067, at *5 (N.D.N.Y. Nov. 1, 2021) ("Although *Jacobson* predated the modern tiers of scrutiny, it has been recognized that the Court 'essentially applied rational basis review'") (quoting *Roman Catholic Diocese of Brooklyn v. Cuomo*, __ U.S. __, 141 S. Ct. 63, 70 (2020) (Gorsuch, J., concurring)) (internal citation omitted); *Hopkins Hawley LLC v. Cuomo*, 518 F.Supp.3d 705, 710-13 (S.D.N.Y. 2021) ("the Court analyzes the Plaintiffs' claims under both the *Jacobson* framework as well as the traditional mode of Constitutional analysis").

That is an unquestionably deferential approach.  Rational basis review requires the government only "to have chosen a means for addressing a legitimate goal that is rationally related to achieving that goal." *Kane v. De Blasio*, 19 F.4th 152, 166 (2d Cir. 2021).  "Under rational basis review, courts 'do not require that the government's action actually advance its stated purposes, but merely look to see whether the government *could* have had a legitimate reason for acting as it did.'" *Gold v. Sandoval*, No. 21-cv-480, 2021 WL 5762190, at *3 (D.Nev. Dec. 3, 2021) (quoting *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 66 (9th Cir. 1994)).

While plaintiff has presented evidence that he claims demonstrates the folly of the state's actions concerning masking requirements, vaccinations, etc., defendants have also come forward with substantial evidence of the medical and scientific bases for the measures they have taken. Courts are loath and ill-equipped to substitute their judgment for those of the health authorities charged with the responsibility for protecting public health, and the materials submitted by plaintiff here provide little reason to think that this case will prove to be an exception to that general rule.[6]

Plaintiff fares no better under the alternative test, *i.e.*, the "fair ground for litigation" standard. While that is a somewhat more forgiving standard with respect to the legal merits of a litigant's claims, it requires the movant to show that the balance of hardships tips decidedly in his favor. *Green Party*, 389 F.3d at 418. As explained above, plaintiff has not shown that he suffers any "hardship" at all as a result of the State's actions. At most, he has had to endure some minor inconveniences. *See Klaasen v. Trustees of Indiana Univ.*, 7 F.4th 592, 593 (7th Cir. 2021) (noting that having to wear masks and be tested as a condition of attending college are "requirements that are not constitutionally problematic"). Weighed against the State's interest in maintaining and protecting public health, as well as the public's interest in curbing the spread of COVID-19, the balance of hardships tips decidedly *away* from plaintiff. That is particularly so

---

[6] With respect to the merits of plaintiff's claims, the Court also acknowledges defendants' assertion that the Court should not even consider plaintiff's injunction motion because the issues raised in the motion do not arise out of or relate to the claims in the amended complaint. Although the injunction motion focuses primarily on the December 10, 2021 mask determination (which was not in place at the time the amended complaint was filed), and the amended complaint mostly relates to the Excelsior Pass program, the gist of all plaintiff's claims is that the state is irrationally and unfairly drawing distinctions between vaccinated and unvaccinated persons, particularly unvaccinated persons who have already contracted COVID-19. In the Court's assessment of plaintiff's likelihood of success, then, the same general considerations apply to both the motion and the complaint.

inasmuch as plaintiff is not seeking an injunction to maintain the status quo, but instead seeks to alter the status quo by requiring the State to bring a halt to measures and programs that are currently in place. *See Hayes v. Oregon*, No. 20-cv-1332, 2020 WL 4673461, at *3 (D.Or. Aug. 12, 2020).

As stated above, defendants currently have until February 14 to respond to or move against the complaint. A full examination and assessment of plaintiff's claims can wait until then. But for purposes of the injunction motion, the Court finds that plaintiff has not carried his burden of showing that he is likely to prevail on the merits or that the balance of hardships tips in his favor. His motion is therefore denied.

## CONCLUSION

Plaintiff's motion for a temporary restraining order and preliminary injunction (Dkt. #11) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 27, 2022.