UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL CORRIN STRONG,

                                      DECISION AND ORDER

                    Plaintiff,

                                      21-CV-6532L

             v.

HOWARD ZUCKER, MD, in his Official Capacity
as Commissioner of the New York State
Department of Health,

                    Defendant.
_____

Plaintiff Michael Corrin Strong, appearing *pro se*, brought this action against the Commissioner of the New York State Department of Health ("DOH"), challenging certain actions taken by New York State ("State") in response to the COVID-19 pandemic.[1] The State has filed a motion to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. #27.) Plaintiff has filed a response in opposition to the motion. (Dkt. #30.)

## PROCEDURAL BACKGROUND

In his original complaint filed on August 10, 2021, plaintiff challenged a regulation issued by DOH in response to the COVID-19 pandemic, 10 N.Y.C.R.R. § 66-3. That regulation generally concerned the mandatory wearing of face masks in public. Plaintiff also challenged

---

[1] Since the DOH Commissioner is sued in his official capacity, and DOH is an arm of the State, defendant will be referred to in this Decision and Order simply as "the State."

the State's creation and promotion of the "Excelsior Pass," a means for individuals to maintain an electronic record and show proof of their vaccination histories. Plaintiff asserted that those measures violated the equal protection rights of unvaccinated individuals, particularly those who (like plaintiff) claim to have so-called "natural immunity" as a result of their having previously contracted and recovered from COVID. *See* Dkt. #1 at 4-6.

On August 27, 2021, DOH repealed the challenged face-mask regulation. Plaintiff then filed an amended complaint on October 14, 2021. (Dkt. #7.) Plaintiff stated that he "agrees to drop his objection" to the repealed "mask mandate," *id.* ¶ 10, but he "reassert[ed] his complaint" concerning "the continued operation of the Excelsior Pass and other programs that continue to discriminate against the Unvaccinated," *id.*

The amended complaint requests declaratory and injunctive relief requiring the State to end the Excelsior Pass program, and to recognize "natural immunity" as being at least as efficacious as vaccination in preventing the spread of COVID-19. Plaintiff also seeks to enjoin the State from enacting or enforcing any regulations or programs that draw a distinction, or that permit the Health Commissioner to draw a distinction, between vaccinated and unvaccinated persons.[2]

Plaintiff filed a motion for a temporary restraining order ("TRO") and preliminary injunction (Dkt. #11) ("injunction motion") on December 15, 2021. In that motion, plaintiff challenged a determination letter issued by the Health Commissioner on December 10, 2021,which generally required persons in New York to wear face masks in indoor public places,

---

[2] For the sake of convenience, the amended complaint will referred to simply as "the complaint."

with some exceptions. On January 27, 2022, the Court issued a Decision and Order denying the injunction motion. *Strong v. Zucker*, __ F.Supp.3d __, 2022 WL 245351 ("injunction decision"). The Court concluded that plaintiff had shown neither irreparable harm nor a likelihood of success on the merits, but added that a "full examination and assessment of plaintiff's claims can wait" until defendant responded to or moved against the complaint. 2022 WL 245351, at *6. Pursuant to the Court's scheduling order (Dkt. #22), the State filed its motion to dismiss the complaint on February 14, 2022.[3]

## DISCUSSION

In its motion to dismiss, the State frames the complaint as asserting only a claim concerning the Excelsior Pass. In the State's view, that claim is meritless, because the Excelsior Pass does not violate plaintiff's rights.

In his response, plaintiff discusses the Excelsior Pass, but his arguments go well beyond that. He sees the complaint as opposing not just the Excelsior Pass, but what he believes to be the State's "discrimination ... [and] persecut[ion] by reason of public bias and hostility in part created by prejudicial statements made by high State public officials," against a "group [*i.e.*, unvaccinated persons, which] is a political minority with no effective power to protect itself from the unjust and unconstitutional tyranny of the majority ... ." (Dkt. #30 ¶ 74.) Plaintiff has taken a similarly broad approach to the legal bases for his claims, relying on New York, federal

---

[3] At this point, many COVID-related restrictions, directives and the like in New York have expired, been lifted, or are otherwise no longer in effect. The Excelsior Pass program remains in place, however, as does the grant of authority to the DOH Commissioner to issue future directives distinguishing between vaccinated and unvaccinated persons.

and international law, including the federal constitutional rights to equal protection, due process, and religious freedom.

Regardless of the two sides' very different characterizations of the complaint, it is for the Court to decide whether plaintiff has stated a facially valid claim, giving due regard for plaintiff's *pro se* status.  *See Sacerdote v. N.Y.U.*, 9 F.4th 95, 106-07 (2d Cir. 2021); *Felton v. Monroe Comm. Coll.*, __ F.Supp.3d __, 2022 WL 71694, at *2 (W.D.N.Y. Jan. 7, 2022).  The Court's task is to examine the complaint, interpreting it liberally to determine if it states a claim upon which relief can be granted.  *Crenshaw v. Dondrea*, 278 F.Supp.3d 667, 670 (W.D.N.Y. 2017).  In my view, plaintiff has failed to state a claim and, therefore, the complaint is dismissed.

Although the complaint does mention the Excelsior Pass, it mostly comprises a diatribe against government COVID-19 policies in general.  Plaintiff's response to the motion to dismiss is in the same vein, asserting that New York is headed toward a "medical tyranny" that could easily "turn into a totalitarian state."  (Dkt. #30 at 23.)  As plaintiff sees it, the adoption of the Excelsior Pass is merely a first step onto a slippery slope that will lead to more and more individual rights and freedoms being stripped away.  *See* Dkt. #7 ¶ 97.

A plaintiff's antipathy toward government policies will not in itself give rise to a viable claim, however, no matter how fervent his beliefs in that regard.  Article III, Section 2, of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies."  As a consequence of that limitation, a party seeking to bring suit in federal court must allege facts showing that he has suffered an "injury in fact" caused by the defendant's wrongful conduct, that can be redressed by a decision favorable to the plaintiff.  *See E.M. v. New York City Dep't of Educ.*, 758 F.3d 442, 449-50 (2d Cir. 2014).

As stated, plaintiff's most if not only specific claim is that relating to the Excelsior Pass. According to the State's website, the "Excelsior Pass is a free, voluntary platform that provides secure, digital proof of COVID-19 vaccination or negative test results." The Pass "can be accessed and stored through the NYS Excelsior Pass Wallet app, or through the Excelsior Pass Web Portal and printed."[4]

In the complaint, plaintiff does not allege that he was required to enroll in the Excelsior Pass program, or that he was prevented from enrolling in the program other than by virtue of the fact that he has never been vaccinated for COVID-19. He does not deny the State's assertion that the Excelsior Pass is nothing more than a software application that allows users to have digital (as opposed to physical) proof of their vaccination status or negative test results. Plaintiff has not alleged any facts showing that the existence of the Excelsior Pass program has harmed him in any way.

Rather, plaintiff attempts to use the Excelsior Pass to shoehorn in his broader claim that the State should not be allowed to draw any distinctions between vaccinated and unvaccinated persons. As this relates to him in particular, plaintiff alleges that he has "natural immunity" by virtue of having contracted COVID-19, and that he and others like him should be treated the same as vaccinated persons with respect to masking requirements, admission to public places, and so on.

There are several problems with this claim, however. First, plaintiff has again not alleged facts showing that he has suffered any harm as a result of the State's policies. As noted

---

[4] Information concerning the operation of the Excelsior Pass can be obtained on the DOH's website, https://covid19vaccine.health.ny.gov/excelsior-pass-frequently-asked-questions. *See also Dark Storm Indus. LLC v. Cuomo*, 471 F.Supp.3d 482, 488 n.1 (N.D.N.Y. 2020) (taking judicial notice of a New York State government website).

in the Court's injunction decision, the only "injuries" alleged by plaintiff are that he stopped going to the gym because he refused to wear a face mask, and that he did not attend a certain concert because the venue required proof of vaccination or a recent negative COVID test, both of which plaintiff refused to do.

In his response to the motion to dismiss, plaintiff refers to "death and damage for millions of people" that allegedly have been or will be caused by the State's policies. (Dkt. #30 ¶ 77.) That allegation typifies plaintiff's assertions, both in its histrionic tenor and its conclusory nature; plaintiff has not alleged any facts that could in any way be said to make this claim plausible.

The facts that plaintiff *has* alleged do not logically support his claims. For example, plaintiff alleges that as of September 10, 2021, the Vaccine Adverse Event Reporting System (VAERS), which is co-managed by the Centers for Disease Control and Prevention and the U.S. Food and Drug Administration, had reported over a half million "adverse events," including 6756 deaths, among individuals in the United States who had received a COVID vaccination. Amended Complaint ¶ 58.

VAERS's own website cautions, however, that "VAERS reports alone cannot be used to determine if a vaccine caused or contributed to an adverse event or illness," *see* https://vaers.hhs.gov/data.html. The reported numbers are simply raw data based on reports that "may contain information that is incomplete, inaccurate, coincidental, or unverifiable." *Id.*

More to the point, the VAERS data have little if any relevance to plaintiff's legal claims here. As stated, the Excelsior Pass–the ostensible focus of the complaint–merely provides a means for users to keep an electronic record of their vaccination history. The program is purely

voluntary. The Excelsior Pass is not a compulsory vaccination program, and indeed plaintiff himself has never been compelled to accept vaccination. He has chosen not to do so, and has not been punished or penalized for that choice by the State. The inconveniences of which he complains, such as being required to wear a mask at the gym, have nothing to do with the Excelsior Pass, and were apparently the result of decisions by the relevant *private* entities.[5]

Furthermore, this is not a class action. To have standing to sue, plaintiff must allege facts showing that *his* rights have been violated or that *he* has suffered some harm as a result of the State's actions. He has not done so, and he cannot state a claim based on speculative assertions about suffering and death inflicted on untold millions of other people.

Even if plaintiff's complaint could be read as a challenge not just to the Excelsior Pass but to the State's COVID-related policies in general, it would fail to state a claim. As this Court stated in the injunction decision, the United States Supreme Court held long ago that a state's inherent police power encompasses laws and regulations to protect public health, including measures (such as mandatory vaccination) more stringent than those at issue here. *See Jacobson v. Massachusetts*, 197 U.S. 11 (1905) (upholding a city regulation, promulgated in the midst of an epidemic pursuant to a state statute, mandating that all inhabitants of the city of Cambridge be vaccinated against smallpox or face a criminal penalty in the form of a fine). *See also Compagnie Francaise de Navigation a Vapeur v. State Bd. of Health*, 186 U.S. 380, 387 (1902) ("[T]he power of the states to enact and enforce quarantine laws for the safety and the protection of the health of their inhabitants ... is beyond question").

---

[5] The complaint alleges that "the [fitness] Club's policy" is to require unvaccinated members to wear masks, and that the venue for a concert that plaintiff wanted to attend required unvaccinated concertgoers to present proof of a recent negative COVID test. (Dkt. #7 ¶¶ 104, 106.)

Although the test articulated in *Jacobson*, which asks whether the challenged measure has a "real or substantial relation" to its declared purpose, has since been filtered through the lens of subsequent Supreme Court case law, it remains good law and is controlling in this Court until the Supreme Court or the Second Circuit says otherwise. *See Marciano v. DiBlasio*, __ F.Supp.3d __, 2022 WL 678779, at *9 (S.D.N.Y. 2022); *M. Rae, Inc. v. Wolf*, 509 F.Supp.3d 235, 246 (M.D.Pa. 2020);.*Bimber's Delwood, Inc. v. James*, 496 F.Supp.3d 760, 775 (W.D.N.Y. 2020). It can hardly be disputed that the State's encouragement and facilitation of COVID-19 vaccination, particularly its adoption of the Excelsior Pass program, meet that test.

Even if this Court were to conclude that *Jacobson* has been supplanted by more recent Supreme Court jurisprudence, the challenged measures easily pass review. As explained in the injunction decision, the standard to be applied here is "rational basis" review. 2022 WL 245351, at *5. Although plaintiff suggests in his response to the motion to dismiss that the Court should take "another look" at the standard of review, his arguments in favor of a stricter standard of review are no more persuasive now than they were previously.

To be clear, this case does *not* involve mandatory vaccination or criminal penalties for refusing to get vaccinated. Although plaintiff asserts that the State is attempting to coerce New Yorkers into getting vaccinated, the facts he has alleged in the complaint do not support that allegation. All he has alleged is that the State has created and promoted a voluntary program, the Excelsior Pass, as part of its broader effort to encourage people to get vaccinated against COVID-19. His conclusory assertion that the State is coercing people to get vaccinated against their will is not supported by his factual allegations.

No matter how misguided plaintiff might consider the State's effort to be (he describes anti-COVID measures as "the greatest scientific fraud in history"), the State's actions may be overturned by this Court only if they lack a rational basis, inasmuch as unvaccinated persons do not constitute a suspect or "quasi-suspect" class, and plaintiff has identified no fundamental right plausibly implicated by the State's actions. *See Kozlov v. City of Chicago*, No. 21 C 6904, 2022 WL 602221, at *5 (N.D.Ill. Feb. 28, 2022); *Gold v. Sandoval*, No. 21-cv-480, 2021 WL 5762190, at *2 (D.Nev. Dec. 3, 2021); *Bauer v. Summey*, __ F.Supp.3d __, 2021 WL 4900922, at *12 (D.S.C. 2021).  Plaintiff's arguments about the right of an individual to refuse unwanted medical treatment are entirely beside the point, because his factual allegations do not even remotely suggest a violation of that right.  His own circumstances demonstrate that, inasmuch as he has chosen not to be vaccinated, and he has never been punished for exercising that choice. *See Abadi v. City of New York*, No. 21 Civ. 8071, 2022 WL 347632, at *10 (S.D.N.Y. Feb. 4, 2022) (holding that a city ordinance requiring COVID vaccination for all persons entering certain venues did not impermissibly infringe on plaintiff's bodily integrity), *appeal filed*, (2d Cir. Feb. 7, 2022).

Rational basis review requires the government only "to have chosen a means for addressing a legitimate goal that is rationally related to achieving that goal." *Kane v. De Blasio*, 19 F.4th 152, 166 (2d Cir. 2021).  "Under rational basis review, courts 'do not require that the government's action actually advance its stated purposes, but merely look to see whether the government *could* have had a legitimate reason for acting as it did.'" *Gold v. Sandoval*, No. 21-cv-480, 2021 WL 5762190, at *3 (D.Nev. Dec. 3, 2021) (quoting *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 66 (9th Cir. 1994)).

Whether the Court considers plaintiff's specific challenge to the Excelsior Pass program, or his broader objection to the State's COVID-19 policies in general, I find–as have other courts addressing similar claims–that his claims fail. As the Court stated in the injunction decision, it is not the task of this Court to set public health care policy or to reach its own decision about how best to deal with the COVID-19 pandemic. *See Oakes v. Collier Cty.*, 515 F.Supp.3d 1202 (M.D.Fla. Jan. 27, 2021) (explaining that while plaintiff "may disagree with the public health efficacy of mask orders ... federal courts do not sit in a policy-checking capacity to second guess the wisdom of [government] acts"). The only proper function of the Court is to determine whether the State's decisions have a legitimate end, and a rational basis for achieving that end. *See Health Freedom Defense Fund, Inc. v. City of Hailey, Idaho*, No. 21-cv-389, 2022 WL 716789, at *10-11 (D.Idaho Mar. 10, 2022) ("there is no caselaw requiring the City's actions to be perfect; the action simply must be rationally related to the stated interest") (footnote omitted);

Under that deferential standard, plaintiff's complaint fails to state a claim upon which relief can be granted. Whatever their merits or efficacy, it cannot be said that the State's policies are an irrational means to achieve the legitimate goal of curbing the spread of COVID-19. *See Roman Catholic Diocese of Brooklyn v. Cuomo*, __ U.S. __, 141 S.Ct. 63 (2020) (*"*Stemming the spread of COVID–19 is unquestionably a compelling interest"); *Kane v. De Blasio*, 19 F.4th 152, 166 (2d Cir. 2021) (finding that New York City's vaccine mandate for school teachers and staff "plainly satisf[ied the rational basis] standard"); *Ferrelli v. Unified Court System*, No. 22-CV-68, 2022 WL 673863, at *6 (N.D.N.Y. Mar. 7, 2022) (following *Kane* with respect to vaccine mandate for state court employees); *Donohue v. Hochul*, No. 21-CV-8463, 2022 WL 673636, at *10 (S.D.N.Y. Mar. 7, 2022) (finding that mask mandate for schoolchildren passed rational-basis

test), *appeal filed*, (2d Cir. Mar. 11, 2022). That plaintiff believes otherwise is not enough to state a valid claim. *See Forbes v. Cty. of San Diego*, No. 20-cv-998, 2021 WL 843175, at *5 (S.D. Cal. Mar. 4, 2021) (finding plaintiff's "contentions disputing the scientific basis for the Mask Rules are simply not enough to state a plausible clam that the rules are not rationally related to a legitimate government interest"); *Hopkins Hawley LLC v. Cuomo*, No. 20-cv-932, 2021 WL 465437, at *7 (S.D.N.Y. Feb. 9, 2021) (stating that plaintiff's averments that COVID-19 policy "went against the grain of scientific proof" did not satisfy the high bar for rational-basis review).

In the complaint, plaintiff also states that he objects to a New York regulation, 10 N.Y.C.R.R. § 2.60, to the extent that it permits the Health Commissioner to "distinguish between individuals who are vaccinated against COVID-19 and those that are not vaccinated," with respect to masking requirements. *See* Dkt. #7 ¶ 10. On January 24, 2022, Justice Thomas Rademaker of the New York State Supreme Court, Nassau County, issued a decision and order finding that regulation to be void and unenforceable, on the ground that it was issued in excess of the authority of the executive branch. That decision is currently on appeal before the Appellate Division. *See Demetriou v. N.Y.S. Dep't of Health*, 2022-00532 (2d Dep't).

In the case at bar, plaintiff's challenge to § 2.60 is not based on a claim of executive-branch overreach (which would presumably not be cognizable in this federal court anyway), but on federal constitutional grounds. Plaintiff alleges that the grant of authority to the Health Commissioner to distinguish between vaccinated and unvaccinated persons lacks a rational basis and violates the Equal Protection Clause. For the reasons stated above with respect to plaintiff's claims in general, I find such a claim to be without merit.

Lastly, I note again that while plaintiff's claims mostly sound in equal protection, the complaint alludes to a range of constitutional rights, including due process and religious freedom, as well as state and international law. To the extent that the complaint can be read as asserting claims based on any of those grounds, the purported federal claims are dismissed as meritless, and any non-federal claims are dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Defendant's motion to dismiss the complaint (Dkt. #27) is granted, and the complaint is dismissed.

Defendant's motions for a conference (Dkt. #14, #15) are denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 28, 2022.